UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

TIMESHA LAFAYETTE                                    CIVIL ACTION

VERSUS                                               NUMBER: 13-5877

CAROLYN W. COLVIN, ACTING                            SECTION: "I"(5)
COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION

# REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. §636(b) and Local Rule 73.2(B), this matter comes before the Court on the parties' cross-motions for summary judgment following a decision of the Commissioner of the Social Security Administration denying Plaintiff Supplemental Security Income ("SSI") benefits. (Rec. docs. 15, 20).

Timesha Lafayette, Plaintiff herein, began receiving SSI benefits as a child based on a conduct disorder which satisfied the criteria of Listing 112.08 of the Listing of Impairments. (Tr. pp. 19, 77). When Plaintiff turned 18 on August 5, 2010, her continued entitlement to SSI benefits was subject to re-determination under law and she was notified in November 2010 that her disability had ceased effective November 1, 2010 because her impairments did not meet the adult disability criteria. (Tr. pp. 68, 69, 71-73, 77). Plaintiff requested reconsideration of the disability cessation and on June 27, 2011, a hearing was held before a Disability Hearing Officer ("DHO") at which Plaintiff and her mother appeared and testified. (Tr. pp. 74, 75). On August 24, 2011, the DHO issued a written decision

1

determining that Plaintiff was no longer entitled to SSI benefits. (Tr. pp. 75-83). Formal notice to that effect was forwarded to Plaintiff the following day. (Tr. pp. 84-85).

Pursuant to Plaintiff's request, a hearing *de novo* before an Administrative Law Judge ("ALJ") went forward on May 25, 2012, at which Plaintiff (who elected to proceed *pro se*), her mother, and a Vocational Expert ("VE") appeared and testified. (Tr. pp. 86, 44-67). On July 25, 2012, the ALJ issued a written decision in which he concluded that Plaintiff's disability had ended on November 1, 2010 and that she had not become disabled again since that date. (Tr. pp. 16-43). The Appeals Council ("AC") subsequently denied Plaintiff's request for review of the ALJ's decision on August 14, 2013, thus making the ALJ's decision the final decision of the Commissioner. (Tr. pp. 1-5). It is from that unfavorable decision that the Plaintiff seeks judicial review pursuant to 42 U.S.C. §§405(g) and 1383(c)(3).

In her cross-motion for summary judgment, Plaintiff frames the issue for judicial review as follows:

> [t]he ALJ erred when he applied the framework of Appendix 2 to Subpart P of Part 404, otherwise known as the Medical-Vocational Guidelines (GRID) as the sole basis of disability, because he found the claimant to be capable of Heavy Work with ONLY nonexertional limitations caused by nonexertional conditions. The Evidence provided by the VE did not support the decision because it was based on FUNCTIONAL CAPACITY THAT DIFFERED FROM THE FINDING BY THE ALJ – it did not consider that the RFC included only allowing the Plaintiff to work with minimal involvement with people. The VE's only testimony did not consider the RFC found by the judge in finding of fact number 4. The VE Thus there is no substantial evidence to support this decision.
>
> (Rec. doc. 15-1, pp. 1-2).

The following findings of the ALJ are relevant to a resolution of the issue before the Court:

2

1. The claimant attained age 18 on August 5, 2010,[1] and was eligible for supplemental security income benefits as a child for the month preceding the month in which she attained age 18. The claimant was notified that she was found no longer disabled as of November 1, 2010, based on a redetermination of disability under the rules for adults who file new applications.

2. Since November 1, 2010, the claimant has had the following conditions which are severe conditions within the constraints of *Stone v. Heckler*, 752 F.2d 1099 (5th Cir. 1985) & SSR 96-3p: mood disorder, not otherwise specified; learning disability; personality disorder and borderline intellectual functioning (20 CFR 416.920(c)).

3. Since November 1, 2010, the claimant did not have a condition or combination of conditions that met or medically equaled the severity of one of the listed conditions in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926). Specifically, Listings 12.02 Organic Mental Disorders, 12.04 Affective Disorders, 12.08 Personality Disorders and 12.05 Mental Retardation are not met.

4. After careful consideration of the entire record, the undersigned finds that since November 1, 2010, the claimant has had the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: She has to perform simple, repetitive, routine work of [a] 1-2 step nature and involving minimal interaction with others.

5. The claimant has no past relevant work (20 CFR 416.965).

6. The claimant was born on August 6, 1992 and is a younger individual age 18-49 (20 CFR 416.963).

7. The claimant has a marginal education and is able to communicate in English (20 CFR 416.964).

8. Transferability of job skills is not an issue because the claimant does not have past relevant work (20 CFR 416.968).

9. Since November 1, 2010, considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in

---

[1] To be clear, the record reflects that the Plaintiff's birthday is actually August 6. (Tr. 70).

significant numbers in the national economy that the claimant can perform (20 CFR 416.969 and 416.969(a)).

10. The claimant's disability ended on November 1, 2010, and the claimant has not become disabled again since that date (20 CFR 416.987(e) and 416.920(g)).

(Tr. pp. 21, 23, 30, 37, 39).

Judicial review of the Commissioner's decision to deny SSI benefits is limited to two inquiries: (1) whether substantial evidence of record supports the Commissioner's decision, and (2) whether the decision comports with relevant legal standards. *Anthony v. Sullivan*, 954 F.2d 289, 292 (5th Cir. 1992); *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990); *Fraga v. Bowen*, 810 F.2d 1296, 1302 (5th Cir. 1987). If the Commissioner's findings are supported by substantial evidence, they are conclusive and must be affirmed. 42 U.S.C. §405(g); *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420 (1971). A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the Commissioner's decision. *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Jones v. Heckler*, 702 F.2d 616, 620 (5th Cir. 1983). The Court may not reweigh the evidence or try the issues *de novo*, nor may it substitute its judgment for that of the Commissioner. *Cook v. Heckler*, 750 F.2d 391, 392 (5th Cir. 1985). Conflicts in the evidence are for the Commissioner to resolve, not the courts. *Patton v. Schweiker*, 697 F.2d 590, 592 (5TH Cir. 1983).

A claimant seeking SSI benefits bears the burden of proving that she is disabled within the meaning of the Social Security Act. *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988). Disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §1382c(a)(3)(A). Once the claimant carries her initial burden, the Commissioner then bears the burden of establishing that the claimant is capable of performing substantial gainful activity and is, therefore, not disabled. *Harrell*, 862 F.2d at 475. In making this determination, the Commissioner uses the five-step sequential analysis set forth in 20 C.F.R. §416.920, as follows:

1. an individual who is working and engaging in substantial gainful activity will not be found disabled regardless of the medical findings;

2. an individual who does not have a "severe impairment" will not be found to be disabled;

3. an individual who meets or equals a listed impairment in Appendix 1 of the Regulations will be considered disabled without consideration of vocational factors;

4. if an individual is capable of performing the work that she has done in the past, a finding of "not disabled" must be made; and

5. if an individual's impairment precludes her from performing her past work, other factors, including age, education, past work experience, and residual functional capacity, must be considered to determine if other work can be performed.

On the first four steps of the analysis, the claimant bears the initial burden of proving that she is disabled and must ultimately demonstrate that she is unable to perform

the work that she has done in the past. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S.Ct. 2287, 2294 n.5 (1987). If the analysis reaches the fifth step, the ALJ may establish that other work is available that the claimant can perform by relying on expert vocational testimony or other similar evidence to establish that such jobs exist. *Fraga*, 810 F.2d at 1034 (citing *Lawler v. Heckler*, 761 F.2d 195, 198 (5th Cir. 1985)). Once the Commissioner demonstrates that the individual can perform other work, the burden then shifts back to the claimant to rebut that finding. *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988); *Fraga*, 810 F.2d at 1302.

Plaintiff's sole challenge to the Commissioner's decision, while composed of subparts, is fairly limited in scope and can be resolved without a full recitation of the medical and other evidence that was admitted in the administrative proceedings below. Plaintiff alleges that the ALJ, in finding that she was not disabled at the fifth step of the §416.920 sequential analysis, relied upon the "framework" of the Medical-Vocational Guidelines (the so-called "Grids") as the "sole basis" for denying her SSI benefits in spite of the fact that she was found to suffer from only nonexertional impairments. Plaintiff also alleges that the residual functional capacity ("RFC") assessment that was arrived at by the ALJ in his written decision included a certain limitation – work involving minimal interaction with others – that was not included in the hypothetical question that the ALJ posed to the VE at the administrative hearing. The contentions advanced by Plaintiff will be addressed in reverse order.

The totality of the testimony that the VE gave at the administrative hearing that was held on May 25, 2012 is as follows:

**Examination of Vocational Expert by Administrative Law Judge:**

Q: Ms. Overe, have you had occasion to review the work history of the claimant?

A: Yes.

Q: Have you been able to ascertain any work history contained in the record?

A: No.

Q: What are the criteria for an individual to engage in unskilled work activity notwithstanding any physical limitations?

A: Your question is what are the criteria?

Q: To perform unskilled work activity, yes.

A: They would be – need to be able to perform simple, repetitive –

Q: Routine tasks?

A: Routine, one to two step instructions.

Q: Is there unskilled work activity available for a claimant of similar age, education and absence of work activity?

A: Yes, there are unskilled positions, your honor.

Q: Identify same and classify if you would.

A: One example would be dishwashers. In Louisiana there are approximately 5,000; nationally approximately 419,000. Another option would be hand packers and packagers; in Louisiana we have approximately 3,800, and nationally approximately 591,000. Another would be janitors and cleaners. In Louisiana we have approximately 18,400; nationally approximately 1,333,000.

Q: Is your testimony consistent with [the] DOT?

A: Yes it is.

Q: Are the positions you cited illustrative or exhaustive?

A: They're illustrative.

(Tr. pp. 65-66)(emphasis added).

In his written decision of July 25, 2012, the ALJ bypassed the first step of the §416.920 analysis as required by 20 C.F.R. §416.987(b). (Tr. p. 20). At step two, the ALJ found that Plaintiff suffered from severe impairments in the form of a mood disorder, not otherwise specified; a learning disability; a borderline personality; and, borderline intellectual functioning. (Tr. p. 23). However, those conditions, whether considered singly or in combination, failed to satisfy the criteria of any of those set forth in the Listing of Impairments. (*Id.*). Having so found, the Regulations mandated that the ALJ make an assessment of Plaintiff's RFC, a term of art that embraces a claimant's ability to work in spite of her physical and/or mental impairments. 20 C.F.R. §§416.920(e), 416.945. Here, the ALJ concluded that Plaintiff had the RFC ". . . to perform a full range of work at all exertional levels but with the following nonexertional limitations: [s]he has to perform simple, repetitive, routine work of [a] 1-2 step nature and involving <u>minimal interaction with others</u>." (Tr. p. 30)(emphasis added).

Plaintiff herein takes exception with the ALJ's inclusion of the highlighted language noted above (*i.e.*, minimal interaction with others) in his RFC assessment as it was not specifically included in the hypothetical question that the ALJ posed to the VE. However, by limiting Plaintiff to unskilled work involving simple, repetitive, routine tasks with one-to-two step instructions, the ALJ's hypothetical question to the VE adequately accounted for the additional non-exertional limitation that he noted in his written decision. "[A]n

8

unskilled job is 'work which needs little or no judgment to do <u>simple</u> <u>duties</u>.'" *Zaricor-Ritchie v. Astrue*, 452 Fed.Appx. 817, 825 (10th Cir. 2011)(quoting 20 C.F.R. §404.1568(a)(emphasis added)). "Such work 'ordinarily involve[s] <u>dealing</u> <u>primarily</u> <u>with</u> <u>objects</u>, <u>rather</u> <u>than</u> <u>with</u> <u>data</u> <u>or</u> <u>people</u>.'" *Id.* (quoting SSR 85-15, 1985 WL 56857 at *4 (1985)(emphasis added)). *See also Miles v. Comm., Soc. Sec. Admin.*, No. 12-CV-0113, 2013 WL 4761106 at *11 (E.D. Tex. Sept. 4, 2013)(Love, M.J.); *Johnson v. Astrue*, No. 11-CV-3030, 2012 WL 5472418 at *5 (E.D. La. Oct. 5, 2012), *adopted*, 2012 WL 5472303 (E.D. La. Nov. 9, 2012)(Lemmon, J.).

As further explained in SSR 85-15, "[t]he basic demands of competitive, remunerative, unskilled work include the abilities (on a sustained basis) to understand, carry out, and remember simple instructions; to respond appropriately to supervision, coworkers, and usual work situations; and to deal with changes in a routine work setting." In his written decision, the ALJ specifically found that "[c]laimant retains the abilities to comprehend, carry out, and remember simple instructions; to respond appropriately to supervision, coworkers, and usual work situations; and to deal with changes in [a] routine work setting – the basic mental demands of competitive, remunerative work activity on a sustained basis." (Tr. p. 39). Given the fact that unskilled work is defined as that which involves primarily dealing with things rather than people, implicit within the hypothetical question that was posed to the VE by the ALJ was the limitation to work "involving minimal interaction with others" that the ALJ explicitly noted in his subsequent written decision. The VE's response to that hypothetical question constitutes substantial evidence that Plaintiff was not disabled.

The second aspect of Plaintiff's challenge to the Commissioner's decision is that the ALJ relied upon the framework of the Grids as the "sole basis" for denying her Social Security benefits in spite of the fact that she suffers only from nonexertional impairments.

"When the claimant suffers only from exertional impairments or his non-exertional impairments do not significantly affect his residual functional capacity, the ALJ <u>may</u> rely exclusively on the Guidelines [or "Grids"] in determining whether there is other work available that the claimant can perform. *Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990)(emphasis added). "Otherwise, the ALJ <u>must</u> rely upon vocational testimony or other similar evidence to establish that such jobs exist." *Fraga*, 810 F.2d at 1304 (citing *Lawler*, 761 F.2d at 198)(emphasis added). "The value of a vocational expert is that he is familiar with the specific requirements of a particular occupation, including working conditions and the attributes and skills needed." *Fields v. Bowen*, 805 F.2d 1168, 1170 (5th Cir. 1985). "A vocational expert is able to compare all the unique requirements of a specified job with the particular ailments a claimant suffers in order to reach a reasoned conclusion whether the claimant can perform the specific job." *Id.*

At step four of the §416.920 analysis, the ALJ found that Plaintiff had no past relevant work. (Tr. p. 37). Proceeding to step five, the ALJ then determined that Plaintiff retained the RFC to perform a significant number of jobs that existed in the national and local economies, ultimately concluding as follows:

> <u>[b]ased on the testimony of the vocational expert</u>, the undersigned concludes that, since November 1, 2010, considering the claimant's age, education, work experience, and residual functional capacity, the claimant is capable of making a successful adjustment to other work that exists in significant numbers in the national economy. A finding of "not disabled" is therefore

appropriate under the framework of section 204.00 in the Medical-Vocational Guidelines.

(Tr. p. 39)(emphasis added).

Contrary to Plaintiff's present assertion, the ALJ properly relied upon the testimony of a VE in finding that she was not disabled. Although the ALJ did state that he was using the Grids as a "framework" of reference, that was mere surplusage and does not impugn the ultimate decision that he made. *Thompson v. Colvin*, No. 12-CV-0466, 2013 WL 4035229 at *8 (N.D. Tex. Aug. 8, 2013)(quoting *Fosha v. Barnhart*, 372 F.Supp.2d 948, 956 (S.D. Tex. 2005)). After considering the same evidence that was presented to the ALJ, the Administration's psychological consultants similarly determined that Plaintiff was not disabled. (Tr. pp. 34, 300-303, 304-317, 354-367). Those determinations are entitled to considerable weight here. 20 C.F.R. §§416.913(a)(2), 416.927(e). Plaintiff's challenge provides no basis for disturbing the Commissioner's decision.

## **RECOMMENDATION**

For the foregoing reasons, it is recommended that Plaintiff's motion for summary judgment be denied and that Defendant's motion for summary judgment be granted.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with

notice that such consequences will result from a failure to object. *Douglass v. United States Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this  8th  day of            September           , 2014.

_____
MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE